IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JUSTIN DEMOND ANDREW | § | |
| VS. | § | CIVIL ACTION NO. 1:17-CV-285 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Justin Demond Andrew, a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court ordered that this matter be referred to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends dismissing the petition as barred by the statute of limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and the pleadings. Petitioner filed objections to the magistrate judge's report and recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration of all the pleadings and the relevant case law, the court concludes that petitioner's objections lack merit. Petitioner contends that the procedural bar must be excused because he is actually innocent of the offense. *See McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924 (2013). The United States Supreme Court has not recognized a freestanding claim of actual innocence as a ground for federal habeas relief.

*McQuiggin*, 133 S. Ct. at 1931; *Burton v. Stephens*, 543 F. App'x 451, 458 (5th Cir. 2013); *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000). However, actual innocence, if proved, may excuse a procedural bar to federal habeas review of constitutional claims. *McQuiggin*, 133 S. Ct. at 1928. To pass through the actual innocence gateway, petitioner must show that, in light of new, reliable evidence, no jury would have found him guilty beyond a reasonable doubt. *Id*. Petitioner failed to meet this standard because he did not present any newly-discovered evidence that would have resulted in his acquittal.

Petitioner requests an evidentiary hearing. Because there are no material facts in dispute, an evidentiary hearing is not necessary in this case.

In this case, petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). If the petition was denied on procedural grounds, petitioner must show that jurists of reason

would find it debatable: (1) whether the petition raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

Here, petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason, or that a procedural ruling was incorrect. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.

ORDER

Accordingly, petitioner's objections (document no. 3) are **OVERRULED**. The findings of fact and the conclusions of law of the magistrate judge are correct, and the report and recommendation of the magistrate judge (document no. 2) is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation. A certificate of appealability will not be issued.

**SIGNED** this the 18 day of **September, 2017.**

_____
Thad Heartfield
United States District Judge